MICHAEL C. ORMSBY
United States Attorney
Eastern District of Washington
James A. Goeke
Assistant United States Attorneys
Post Office Box 1494
Spokane, WA 99210-1494
Telephone: (509) 353-2767

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> DUANE ALLEN PABST, <br><br> Defendant. | **PRE-TRIAL DIVERSION AGREEMENT** |

Plaintiff, United States of America, by and through MICHAEL C. ORMSBY, United States Attorney, for the Eastern District of Washington, and James A. Goeke, Assistant United States Attorney for the Eastern District of Washington, and Defendant, DUANE ALLEN PABST, and the Defendant's counsel, Matthew Campbell, agree to the following Pre-Trial Diversion Agreement:

**PRE-TRIAL DIVERSION AGREEMENT**

1.   The United States Attorney for the Eastern District of Washington alleges by an Information issued on March 15, 2016, ECF No. 1, that Defendant DUANE ALLEN PABST committed three counts of offense of Wire Fraud, in violation of 18 U.S.C. § 1343 from January 9, 2010 continuing to on or about April 18, 2011 in the Eastern District of Washington and elsewhere.

2. As part of this Pre-Trial Diversion Agreement Defendant DUANE ALLEN PABST agrees to waive the presentation of an Indictment to the Grand Jury in this matter. Defendant DUANE ALLEN PABST has signed a Waiver of Indictment to that effect.

3. Defendant DUANE ALLEN PABST agrees that the United States could prove the allegations in the Information if this matter proceeded to trial. It appears, however, after an investigation of the offense alleged in the Information and DUANE ALLEN PABST's background, that the interests of the United States and DUANE ALLEN PABST's own interests, and the interests of justice, will be served by the following procedure, therefore:

4. On the authority of the Attorney General of the United States, by MICHAEL C. ORMSBY, United States Attorney for the Eastern District of Washington, prosecution in this District for the offense alleged in the Information at ECF No. 1 shall be deferred for a period of 18 months from the date of the filing of this Pre-Trial Diversion Agreement, provided DUANE ALLEN PABST abides by the following conditions and the requirements of the Pre-Trial Diversion program set out below.

5. Should Defendant DUANE ALLEN PABST violate any conditions of this supervision, the United States Attorney or his designee may revoke or modify any conditions of this Pre-Trial Diversion program or change the period of supervision for an additional period from the original termination date of the diversion agreement. The United States Attorney may release Defendant DUANE ALLEN PABST from supervision at any time. The United States Attorney may at any time within the period of Defendant DUANE ALLEN PABST's supervision reinitiate prosecution for this offense should Defendant DUANE ALLEN PABST violate the conditions of this supervision and will furnish Defendant DUANE ALLEN PABST with notice specifying the conditions of the program which he violated. Defendant DUANE

PRE-TRIAL DIVERSION AGREEMENT - Page 2 of 6

ALLEN PABST agrees that the determination of whether the Defendant has violated the terms of this Pre-Trial Diversion Agreement shall be made solely by the United States Attorney's Office and shall not be reviewable by the Court or any other entity.

6. If, upon successful completion of Defendant DUANE ALLEN PABST's period of supervision and if the United States Attorney's Office receives a Pre-Trial Diversion report from the United States Probation Office to the effect that Defendant DUANE ALLEN PABST has complied with all the rules, regulations and conditions above mentioned, the United States will move to dismiss, with prejudice, the Information in this matter at ECF No. 1.

7. Neither this Pre-Trial Diversion Agreement nor any other document filed with the United States Attorney as a result of Defendant DUANE ALLEN PABST's participation in the Pre-Trial Diversion Program will be used against the Defendant in connection with any prosecution for the above described offense or be provided to any other person or entity other than the United States Attorney's Office, United States District Court, and the United States Probation Office without Court order or as otherwise required by law, except that as part of this Pre-Trial Diversion Agreement, Defendant DUANE ALLEN PABST, agrees to submit to a full and complete debrief with law enforcement regarding the facts alleged in the Information and any other matters of concern to law enforcement.

8. In addition to the conditions of the Pre-Trial Diversion Agreement listed above, the following additional conditions apply:

    a. Defendant DUANE ALLEN PABST shall not commit a violation of any law (federal, state and local). This condition shall not apply to infractions. Defendant DUANE ALLEN PABST shall immediately contact his Pre-Trial Diversion supervisor if arrested and/or questioned by any law enforcement officer.

PRE-TRIAL DIVERSION AGREEMENT - Page 3 of 6

b.  Defendant DUANE ALLEN PABST shall be employed regularly at a lawful occupation and/or seek employment at a lawful occupation.

c.  Defendant DUANE ALLEN PABST shall continue to live in the Eastern District of Washington. If the Defendant desires to move out of the District, he shall obtain permission from his diversion supervisor so that the appropriate transfer of program responsibility can be made prior to his relocation.

d.  Defendant DUANE ALLEN PABST shall report to his diversion supervisor as directed and keep him/her informed of your whereabouts.

e.  Defendant DUANE ALLEN PABST agrees to submit to a full and complete debrief with law enforcement regarding the facts alleged in the Information and any other matters of concern to law enforcement. Defendant DUANE ALLEN PABST agrees that any failure to provide truthful responses during the debrief will be grounds for the United States Attorney's Office to terminate, at its sole discretion, this Pre-Trial Diversion Agreement and reinitiate the charges in the Information in this matter (ECF No. 1) either by Information or by Indictment against Defendant DUANE ALLEN PABST.

f.  Defendant DUANE ALLEN PABST agrees to a separate Tolling Agreement regarding the charges set forth in the Information filed in this matter at ECF No. 1. The Tolling Agreement is attached hereto as Attachment A and is fully incorporated into this Pre-Trial Diversion Agreement.

g.  Defendant DUANE ALLEN PABST agrees pursuant to 18 U.S.C. § 3663 to pay restitution in the amount of $21,307.00 to the individuals listed in Attachment B to this Pre-Trial Diversion Agreement on a monthly schedule to be determined by the United States Probation Office and

PRE-TRIAL DIVERSION AGREEMENT - Page 4 of 6

shall complete all restitution payments before the termination of this Pre-trial Diversion Agreement.

h.  Defendant DUANE ALLEN PABST agrees to the entry of a restitution judgment in this matter that shall survive the termination of this Diversion Agreement and shall remain in full force and effect until the restitution obligations set forth herein are satisfied.

## REQUEST FOR PRE-TRIAL DIVERSION BY DUANE ALLEN PABST

I, DUANE ALLEN PABST, assert and certify that I am aware of the fact that the Sixth Amendment to the Constitution of the United States provides that in all criminal prosecutions the accused shall enjoy the right to a speedy and public trial. I also am aware that Rule 48(b) of the Federal Rules of Criminal Procedure provides that the Court may dismiss an Indictment, Information, or Complaint for unnecessary delay in presenting a charge to the Grand Jury, filing an Information, or in bringing a defendant to trial. I hereby request that the United States Attorney for the Eastern District of Washington defer any prosecution of me for a period of 18 months for the following violations alleged in the Information issued in this matter on March 15, 2016, ECF No. 1: Counts 1-3, charging me with Wire Fraud in violation of Title 18 U.S.C. § 1343.

To induce the United States Attorney for the Eastern District of Washington to defer such prosecution, I, DUANE ALLEN PABST, agree and consent that any delay from the date of this Agreement to the date of the initiation of the prosecution, as provided for in the terms expressed herein, shall be deemed to be a necessary delay at my request and I waive any defense to such prosecution on the ground that such delay operated to deny my rights under Rule 48(b) of the Federal Rules of Criminal Procedure and the Sixth Amendment to the Constitution of the United States to a speedy trial or to bar the prosecution by reason of the running of the statute of limitations for the effective period of this Diversion Agreement. I, DUANE ALLEN

PRE-TRIAL DIVERSION AGREEMENT - Page 5 of 6

PABST also agree to all of the terms and conditions set forth in this Pre-Trial Diversion Agreement.

I hereby state that the above has been read by me and explained to me by my attorney. I understand the conditions of my Pre-Trial Diversion and agree that I will comply with them.

_____    3/17/16
Duane Allen Pabst                              DATE

_____    3/17/16
Matthew Campbell                              DATE
Attorney for DUANE ALLEN PABST

_____    March 17, 2016
James A. Goeke                                 DATE
Assistant United States Attorney

APPROVED without passing judgment on the merits or wisdom of this diversion.

_____    March 17, 2016
Thomas O. Rice                                 DATE
Chief United States District Court Judge

PRE-TRIAL DIVERSION AGREEMENT - Page 6 of 6